IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
JACKSON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff,  ) | CIVIL ACTION NO. |
| ) | |
| v.  ) | |
| ) | |
| MONROE MOTORS, INC. d/b/a  ) WALLY-MO TRAILERS  ) ) | COMPLAINT  **JURY TRIAL DEMAND** |
| Defendants.  ) ) | |

_____

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to April Griffin and a class of females who were adversely affected by such practices. As alleged with greater particularity in paragraphs 8-9 below, the Commission alleges that Defendant failed to hire April Griffin into a Welder/Fabricator job because of her sex (female) and that Defendant maintained a policy and practice of refusing to consider women for Welder/Fabricator jobs because of their sex, in violation of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-

5(f)(1) and 3 ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Jackson Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by §706(f)(1) and (3) and §707 of Title VII, 42 U.S.C. §2000-5(f)(1) and (3).

4. At all relevant times, Defendant, Monroe Motors, Inc. d/b/a Wally-Mo Trailers ("Defendant Employer"), has continuously been doing business in the State of Tennessee and the City of Parsons, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, April Griffin filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least January 29, 2007, Defendant Employer has engaged in unlawful employment practices at its Parsons, Tennessee facility in violation of § 703(a) of Title VII, as amended, 42 U.S.C. § 2000e-2(a).

8.  The unlawful practices include failing to hire April Griffin into a Welder/Fabricator job because of her sex (female).

   a. Ms. April Griffin, female, applied for employment as a welder with Defendant Employer on or around January 29, 2007 at its Parsons, Tennessee facility.

   b. Joe Middleton, Defendant Employer's Welder/Fabricator Bay Foreman, administered a welding test to Ms. Griffin.

   c. Mr. Middleton reported that Ms. Griffin passed the test, performed well on the test, and was a good welder.

   d. Ms. Griffin's work experience involved extensive welding and fabrication, including making metal pieces from tube steel and sheet steel to conform to blueprint requirements, moving metal pieces that weighed from 50 to 7,000 pounds (using forklifts and cranes when necessary to move the heavier parts), and doing both TIG and MIG welding.

   e. Ricky Smith, Defendant Employer's General Manager, reviewed the weld from Ms. Griffin's welding test, and talked with her about her work experience. He said she could definitely weld, and he told her she had gone to the right welding school.

   f. Ms. Griffin was qualified for Defendant Employer's Welder/Fabricator position.

   g. But, Mr. Smith told Ms. Griffin that the parts weigh 100 pounds or more, and that she could not do the work.

  h. Ms. Griffin told Mr. Smith that the lifting did not pose a problem because she could operate a crane and she knew how to use a forklift.

  i. Mr. Smith told Ms. Griffin that he would have to talk to the guys in the Shop to see if they would be willing to work with a girl.

  j. Defendant Employer's Owner, Johnny Monroe, told Ms. Griffin how heavy the work was, how he was not sure she could do it, and how she would have to have the guys help her.

  k. Mr. Monroe told Ms. Griffin that he did not have any positions for a woman.

  l. Four days after Ms. Griffin applied for a welder position with Defendant Employer, Michael Chiulli, male, applied with Defendant Employer for a welder position at its Parsons, Tennessee plant.

  m. Mr. Chiulli was hired by Defendant Employer as a Welder/Fabricator the same day he applied.

  n. In a letter to the Commission dated July 13, 2007, Defendant Employer stated that Ms. Griffin's application was still in their files as being open if a position became available.

  o. On August 2, 2007, Kristopher Kersting, male, applied for any open position with Defendant Employer at its Parsons, Tennessee plant.

  p. Joe Middleton, Defendant Employer's Welder/Fabricator Bay Foreman, gave Mr. Kersting a welding test.

  q. Mr. Middleton said Mr. Kersting did not pass the welding test.

  r. Mr. Middleton also said that Mr. Kersting had to be trained for about two months on how to weld.

  s. Despite failing the welding test, and requiring training, Defendant hired Mr. Kersting as a Welder/Fabricator on August 28, 2007.

  t. Defendant denied Ms. Griffin employment as a Welder/Fabricator because of her sex, female.

9. Defendant also maintains a policy and practice of refusing to consider females as a class for the Welder/Fabricator position because of their sex, female.

10. The effect of the practices complained of above in paragraphs 8-9 has been to deprive April Griffin and other qualified female applicants as a class for employment in Defendant Employer's Welder/Fabricator job equal employment opportunities and otherwise adversely affect their status as applicants for employment because of their sex.

11. The unlawful employment practices complained of in paragraphs 8-9 above were and are intentional.

12. The unlawful employment practices complained of in paragraphs 8-9 above were and are done with malice or with reckless indifference to the federally protected rights of April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job.

## **PRAYER FOR RELIEF**

Therefore the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with them, from engaging in any employment practice which discriminates on the basis of sex.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female applicants for employment and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring of April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job.

D. Order Defendant Employer to make whole April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E. Order Defendant Employer to make whole April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 8-9 above, including emotional pain, suffering, embarrassment, and humiliation, in amounts to be determined at trial.

F.  Order Defendant Employer to pay April Griffin and other qualified female applicants for employment in Defendant Employer's Welder/Fabricator job punitive damages for its malicious and reckless conduct described in paragraphs 8-9 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

 s/ Faye A. Williams (with permission FAW)
**FAYE A. WILLIAMS**
Regional Attorney
Tennessee Bar No. 011730

 s/ William A. Cash, Jr. (with permission WAC)
**WILLIAM A. CASH, JR.**
Supervisory Trial Attorney
Bar No. AR 88081

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

820 Louisiana Street, Suite 200
Little Rock, AR  72201
Telephone:  (501) 324-5539
william.cash@eeoc.gov

    <u>s/ Carson L. Owen</u>
**CARSON L. OWEN**
Senior Trial Attorney
Tennessee Bar No. 009240

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Memphis District Office
1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0133
carson.owen@eeoc.gov